# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

Person Under Supervision:  Helena Angelica Lozoya  Case No.: 2:26-CR-009-Z(01)

Name of Sentencing Judge:  U.S. District Judge Margaret I. Strickland, District of New Mexico, Las Cruces Division (Jurisdiction transferred to U.S. District Judge Matthew J. Kacsmaryk, Northern District of Texas, Amarillo Division, on January 22, 2026)

Date of Original Sentence:  May 18, 2022

Original Offense:  Possession With Intent to Distribute 50 Grams and More of Methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), a Class A Felony

Original Sentence:  48 months custody, 5-year term of supervised release

Revocations:  September 05, 2024: 200 Days custody, 53 Month term of supervised release
September 25, 2025: 8 months custody, 24 Month term of supervised release

Detainers:  None

U.S. Marshals No.:  38039-509

Type of Supervision:  Supervised Release  Date Supervision Commenced: October 31, 2025

Assistant U.S. Attorney:  Selestia Lee Winston  Defense Attorney:  Bernadette Sedillo

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

### I.

**Violation of Mandatory Condition No. 2**

You must not unlawfully possess a controlled substance.

**Violation of Mandatory Condition No. 3**

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## Violation of Special Condition

You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to pay all, or a portion, of the costs of the program.

## Violation of Special Condition

You must participate in an inpatient substance abuse treatment program. Following completion of the inpatient program, you must participate in an outpatient substance abuse treatment program. You must follow the rules and regulations of both programs, and the probation officer will supervise your participation in both of these programs (provider, location, modality, duration, intensity, etc.). You may be required to pay all, or a portion, of the costs of these programs.

## Violation of Special Condition

You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year. Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of testing.

## Nature of Noncompliance

On April 6, 2026, Helena Angelica Lozoya submitted a urine specimen to Dailey Recovery Services (DRS), the substance abuse treatment and testing provider in Amarillo, Texas, which tested positive for methamphetamine. Ms. Lozoya denied this use. Correspondence received from Abbott Toxicology Services (Abbott) on April 21, 2026, confirmed this specimen positive for methamphetamine use.

On April 17, 2026, Ms. Lozoya submitted a urine specimen to the U.S. Probation Office in Amarillo, Texas, which tested positive for methamphetamines. Ms. Lozoya denied this use. Confirmation from Abbott is currently pending on this specimen.

Ms. Lozoya violated these conditions of supervised release when she failed to report for a urine collection at DRS on March 16, 2026.

### Personal History

Ms. Lozoya commenced her current term of supervised release on October 31, 2025, when she was released from federal custody on her prior revocation sentence into state custody for pending state charges. On January 5, 2026, she contacted the U.S. Probation Office in the District of New Mexico reporting she had bonded out of state custody on January 2, 2026. Her supervision was accepted by the U.S. Probation Office in Amarillo, Texas on January 9, 2026. Her current expiration date is January 1, 2028.

Ms. Lozoya was initially successful on her current term of supervised release. She was referred to intensive outpatient substance abuse treatment and drug testing at DRS on January 23, 2026, while awaiting a report date for inpatient treatment at Serenity Center in Plainview, Texas. She commenced her inpatient program with Serenity Center on February 3, 2026, and was successfully discharged from the program on March

Helena Angelica Lozoya
Petition for Person Under Supervision

2, 2026. She resumed her program with DRS and was encouraged by U.S. Probation and DRS personnel to seek residency at the Downtown Women's Center in Amarillo, Texas, as this transitional housing program would afford her a recovery-based community and employment. Ms. Lozoya agreed it was paramount she find a more successful means of reintegrating into society to avoid repeating the same patterns involving methamphetamine use she has exhibited in her two prior terms of supervision in this case. She concurred this program would help her enact positive change in her life and achieve this goal. However, to date, Ms. Lozoya has delayed enrollment in this program and submitted two positive urine specimens, as well as failed to report for one urine specimen at DRS. Ms. Lozoya has been untruthful regarding her use and it appears she has returned to former patterns.

Due to Ms. Lozoya's reversion to substance use, despite completion of inpatient treatment and participation in intensive outpatient treatment, and failure to avail herself of methods to enact change in her life, a Petition for Person Under Supervision is being submitted to the Court. Ms. Lozoya continues her previously established pattern of substance abuse, and all efforts to bring her into compliance have been exhausted.

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 5 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and for refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. §§ 3583(g)(1) and (g)(3). |
| **Fine:** | $25 remaining unpaid balance on previously imposed Mandatory Special Assessment. |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to Life (minus the 200-day and 8-month custody sentences from two previous revocations), minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Additionally, in U.S. v. Campos, 922 F.3d 686 (5th Cir. 2019), the Fifth Circuit held that the mandatory minimum term of supervised release that is authorized by statute for the offense that resulted in the original term of supervised release does not apply to post-revocation terms of supervised release. Therefore, a defendant is subject only to the maximum (and not any mandatory minimum) term of supervised release.

In U.S. v. Vera, 542 F.3d 457 (5th Cir. 2008), the Fifth Circuit held that the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.

Helena Angelica Lozoya
Petition for Person Under Supervision

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a)(3), p.s. |
| **Criminal History Category:** | IV | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 6 to 12 months | USSG §7C1.5, p.s. |
| **Fine:** | $25 remaining unpaid balance on previously imposed Mandatory Special Assessment | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Helena Angelica Lozoya
Petition for Person Under Supervision


I declare under penalty of perjury that the
foregoing is true and correct.

Executed on April 27, 2026
Respectfully submitted,                          Approved,


_____         _____
Tyson J. Stewart                                 Gema Delgado Reyes
U.S. Probation Officer                           Supervising U.S. Probation Officer
Amarillo division                                Phone: 806-337-1752
Phone: 806-337-1753
Email: tyson_stewart@txnp.uscourts.gov


---

**Order of the Court:**

☐   No action.

☒   The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of
     record until arrest effectuated.

☐   The Issuance of a Summons.

☐   Other or Additional:

     _____

     _____

☐   File under seal until further order of the Court.


_____
The Honorable Matthew J. Kacsmaryk
U.S. District Judge

_April 29, 2026_____
Date